IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**IDA WELCH AND**
**IVORY WELCH**                                                                       **PLAINTIFFS**

**VS.**                                                         **CIVIL ACTION NO.:   3:05CV332LS**

**THYSSENKRUPP ELEVATOR**
**CORPORATION**                                                                        **DEFENDANT**

### ORDER

This matter came before the court on the Defendant's Motion for Protective Order and Motion to Strike Opinions and Exclude Plaintiffs' Expert Witness, Stephen Carr, Ph.D., or, Alternatively, to Limit Opinions to be Offered to Those Expressed on January 9, 2006. The Defendant objects to the Plaintiff's Interrogatory Response regarding this expert, which gave his opinions, but did not include an expert report, as is required by Fed. R. Civ. P. 26(a)(2) and Unif. Local R. 26.1(A)(2). The court agrees that the designation is deficient, as it should have included "a written report prepared and signed by the witness." The Plaintiff's expert designation shall not be stricken at this time; however, the Plaintiff shall file a complete expert designation, in accordance with Fed. R. Civ. P. 26(a)(2) and Unif. Local R. 26.1(A)(2), on or before June 12, 2006. Failure to serve complete designations will result in sanctions, which may include the striking of the Plaintiff's expert designations. *See, e.g., Campbell v. McMillin,* 83 F. Supp. 2d 761, 764 (S.D. Miss. 2000) (Judge Barbour affirming the striking of an expert witness for an improper designation and granting summary judgment based on the lack of medical evidence).

The Defendant also requested an Order requiring that Dr. Carr's opinion be limited to that expressed in the Interrogatory response served on January 9. It does not appear from the docket that the Defendant sought to depose Dr. Carr after the response was served, and it waited over four

months after that response to file this Motion. Therefore, that request will be denied. Finally, the Defendant sought an Order excusing it from responding to discovery requests that were served on April 4, on grounds that they were served solely for the purpose of gaining information to support Dr. Carr's opinion. As the discovery was served within the period permitted by the court, and since it appears from the docket that the Defendant has since responded to that discovery, this relief will be denied.

IT IS, THEREFORE, ORDERED that the Defendant's Motion for Protective Order and Motion to Strike Opinions and Exclude Plaintiffs' Expert Witness, Stephen Carr, Ph.D., or, Alternatively, to Limit Opinions to be Offered to Those Expressed on January 9, 2006 is hereby **granted** in part and **denied** in part, as explained above.

IT IS SO ORDERED, this the 1st day of June, 2006.

                                                      S/James C. Sumner
                                      UNITED STATES MAGISTRATE JUDGE